UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERCA,

        Plaintiff,                        Crim. No. 24-mj-349 (DLM)

v.                                   **ORDER FINDING**
                                         **PROBABLE CAUSE**

MARK ALLEN ISHAM,

        Defendant.

On May 17, 2024, Mr. Isham was charged by Complaint, [Docket No. 2], with a single count of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(1). He was arrested on May 21, 2024, and appeared before Judge Tony N. Leung for an initial appearance on the same day. [Docket Nos. 6-8]. At the initial appearance, the government moved for continued detention pursuant to 18 U.S.C. § 3142 et seq., and the matter was scheduled for a May 23, 2024, contested detention and preliminary hearing.

At the May 23, 2024, hearing, Mr. Isham was present and represented by Aaron Morrison and Success Carter of the Federal Defenders office. (Minute Entry [Docket No. 12]). The Government was represented by Assistant United States Attorney Carla J. Baumel. (Id.) The government provided evidence in the form of testimony from Special Agent Craig Heidenreich of the Federal Bureau of Investigation ("FBI") to address the issue of probable cause to support the allegations in the Complaint and for purposes of the detention inquiry. (Id.). This evidence also informs the Court's determinations as SA Heidenreich provided facts regarding Mr. Isham's conduct that are provided in neither the Complaint Affidavit nor in the bail report.

The Court finds that the evidence presented supports a finding of probable cause as to the

1

underlying Complaint. The Complaint and underlying Affidavit allege that Mr. Isham did knowingly attempt to corruptly persuade an individual known as C.R.K. by way of encouraging C.R.K. to change, modify, or alter C.R.K.'s trial testimony. That trial, in which Mr. Isham is alleged to have committed assault on C.R.K. in March of 2023, is slated to begin in Minneapolis in less than two weeks. (United States v. Mark Allen Isham, Criminal No. 23-205 (KMM/LIB)).

As alleged, a charge of tampering with a witness requires the Government to prove that: (1) the defendant knowingly used corrupt persuasion against C.R.K; and (2) the defendant did so with intent to influence the testimony of C.R.K. in the trial of United States v. Mark Allen Isham, Criminal No. 23-205 (KMM/LIB)). See Eighth Circuit Model Jury Instruction, Instruction No. 6.18.1512 (2023).

It is alleged that during pretrial preparations, C.R.K. reported to law enforcement that Mr. Isham telephonically contacted her on several occasions. More specifically, C.R.K. reported that Mr. Isham began contacting her in approximately January of 2024. She stated that the telephonic contact ended in approximately April of 2024. In these telephone calls, Mr. Isham allegedly discussed the upcoming trial proceedings, specifically whether C.R.K. should testify, as well as the substance of C.R.K.'s testimony.

The evidence presented alleges that Mr. Isham told C.R.K. he had "served enough [prison] time for bullshit like this" regarding similar incidents in the past. The tone of his stated reasoning behind contacting C.R.K. about her testifying can support a reasonable inference, for purposes of the preliminary hearing, that his contacts with C.R.K. were at least verbally aggressive. Indeed, Agent Heidenreich testified that in recalling her telephonic contact with Mr. Isham, C.R.K. became visibly upset at the mention of it. Mr. Isham directed C.R.K. that she need not testify, including the suggestion that "maybe you shouldn't go [to court]." Further, Mr. Isham instructed C.R.K.

what to say and what not to say if she did testify. For example, Mr. Isham told C.R.K. to testify to a false narrative that would afford him the opportunity to argue self-defense, notwithstanding his prior statement to law enforcement about the abuse. Further, Mr. Isham told C.R.K. not to testify about any dangerous weapon and told C.R.K. not to tell anyone that he was calling her because he knew he was not supposed to be in contact with her whatsoever. Each of these allegations support the element that Mr. Isham contacted C.R.K. with "intent to influence the testimony of C.R.K." in the upcoming assault trial.

Mr. Isham's prior criminal history related to domestic abuse, as reflected in the bail report and as indicated during the testimony presented by SA Heidenreich, is an important factor relative to the Court's consideration in this case. Mr. Isham has had at least five tribal and state convictions for domestic abuse and related conduct with C.R.K. as a victim. In addition, Mr. Isham was convicted of Domestic Assault by a Habitual Offender in federal court in 2014. This history supports that there existed a longstanding power imbalance between these individuals and further supports that Mr. Isham relied upon "corrupt persuasion" to influence C.R.K.'s testimony as alleged. Mr. Isham was under a specific no-contact provision with the victim at the time of this alleged contact and allegedly so acknowledged it. And, as previously stated above, the purported tone and purpose of his calling C.R.K. was to persuade her to either not appear to testify or to change her likely testimony to favor his defense.

The evidence presented to the Court also indicates that the reports of telephonic contact from Mr. Isham to C.R.K. have been corroborated in several material respects. C.R.K. was allegedly able to remember the area code and last four digits from which Mr. Isham contacted her. According to telephone toll records obtained from C.R.K.'s known cell number, that number described by C.R.K. initiated contact with C.R.K. on or about November 20, 2023. There are

several toll records indicating incoming and outgoing contact between that number and C.R.K. thereafter. As reported by C.R.K., that communication between Mr. Isham and C.R.K. ended in approximately April of 2024.

Against these facts, it is the Court's conclusion that the government has put forth sufficient facts to support a finding of probable cause as to the underlying Complaint in this matter charging Mr. Isham with a single count of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(1).

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. There is probable cause to believe an offense has been committed, namely, Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(1), and that the defendant Mr. Isham committed it; and

2. Pursuant to Fed. R. Crim. Pro. 5.1(e) the Defendant shall be required to appear for future proceedings in compliance with the applicable federal rules and local procedures.

Dated: May 31, 2024                            s/Leo I. Brisbois
                                                                               Hon. Leo I. Brisbois
                                                                               United States Magistrate Judge