UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERCA,

        Plaintiff,

v.

MARK ALLEN ISHAM,

        Defendant.

Crim. No. 24-mj-349 (DLM)

**ORDER**

On May 17, 2024, Mr. Isham was charged by Complaint, [Docket No. 2], with a single count of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(1). He was arrested on May 21, 2024, and appeared before Judge Tony N. Leung for an initial appearance on the same day. [Docket Nos. 6-8]. At the initial appearance, the government moved for continued detention pursuant to 18 U.S.C. § 3142 et seq., and the matter was scheduled for a May 23, 2024, contested detention and preliminary hearing.

At the May 23, 2024, hearing, Mr. Isham was present and represented by Aaron Morrison and Success Carter of the Federal Defenders office. (Minute Entry [Docket No. 12]). The Government was represented by Assistant United States Attorney Carla Baumel. (Id.). The government reiterated its motion for continued detention pursuant to 18 U.S.C. § 3142 *et seq*. (See Motion for Detention [Docket No. 11]). Before the hearing, the United States Department of Pretrial Services and Probation generated a bail report that recommended Mr. Isham be detained. (Bail Report [Docket No. 9]).

The government provided evidence in the form of testimony from Special Agent Craig Heidenreich of the Federal Bureau of Investigation ("FBI"), to address the issues of probable cause

1

for the allegations in the Complaint and for purposes of the detention inquiry. (Minute Entry [Docket No. 12]). The government also filed a written motion of detention. [Docket No. 11]. This evidence also informs the Court's determinations as SA Heidenreich provided facts regarding Mr. Isham's conduct that are provided in neither the Complaint Affidavit nor the bail report.

The Complaint and underlying Affidavit allege that Mr. Isham did knowingly attempt to corruptly persuade an individual known as C.R.K. by way of encouraging C.R.K. to change, modify, or alter C.R.K.'s trial testimony. That trial, in which Mr. Isham is alleged to have committed an assault on C.R.K. in March of 2023, is slated to begin in Minneapolis in less than two weeks. (United States v. Mark Allen Isham, Criminal No. 23-205 (KMM/LIB)). Detention is warranted because there is no condition or combination of conditions that will reasonably assure the safety of C.R.K.

It is alleged that during pretrial preparations, C.R.K. reported to law enforcement that Mr. Isham telephonically contacted her on several occasions.[1] More specifically, C.R.K. reported that Mr. Isham began contacting her in approximately January of 2024. She stated that the telephonic contact ended in approximately April of 2024. In these telephone calls, Mr. Isham allegedly discussed the upcoming trial proceedings, specifically whether C.R.K. should testify as well as C.R.K.'s testimony.

The evidence presented alleges that Mr. Isham told C.R.K. he had "served enough [prison] time for bullshit like this" regarding similar incidents in the past. The tone of his stated reasoning behind contacting C.R.K. about her testifying can support a reasonable inference, for purposes of the preliminary hearing, that his contacts with C.R.K. were at least verbally aggressive. Indeed, Agent Heidenreich testified that in recalling her telephonic contact with Mr. Isham, C.R.K. became

---

[1] Such contact was in violation of this Court's conditions of pretrial release. (See Order Setting Conditions of Release [Docket No. 18]; Order granting Petition for Modification of Pretrial Release [Docket No. 48]).

visibly upset at the mention of it. Mr. Isham directed C.R.K. that she need not testify, including the suggestion that "maybe you shouldn't go [to court]." Further, Mr. Isham instructed C.R.K. what to say and what not to say if she did testify. For example, Mr. Isham told C.R.K. to testify to a false narrative that would afford him the opportunity to argue self-defense, notwithstanding his prior statement to law enforcement about the abuse. Further, Mr. Isham told C.R.K. not to testify about any dangerous weapon and told C.R.K. not to tell anyone that he was calling her because he knew he was not supposed to be in contact with her whatsoever.

The allegations regarding the contact from Mr. Isham to C.R.K. are significant. The statements from Mr. Isham—made while under a specific no-contact provision with C.R.K.—relate to the substance and content of C.R.K.'s trial testimony. C.R.K. is plainly a critical witness in the upcoming trial. The statements allegedly made by Mr. Isham further relate to Mr. Isham's intense concern about serving "time"—he is indeed facing a significant sentence in connection with the criminal assault charges pending against him. This potential sentence, and the proximity of the present circumstances relative to the pending criminal trial—heighten any potential incentive to engage in further conduct affecting C.R.K.'s appearance as a witness and testimony.

Mr. Isham's prior criminal history related to domestic abuse, as reflected in the bail report and as indicated during the testimony presented by SA Heidenreich, is an important factor relative to the Court's consideration in this case. Mr. Isham has had at least five tribal and state convictions for domestic abuse and related conduct with C.R.K. as a victim. In addition, Mr. Isham was convicted of Domestic Assault by a Habitual Offender in federal court in 2014. Mr. Isham's history of noncompliance with a clear "no contact" condition of release as reflected in the bail report is a further factor in favor of detention.

Consequently, the Court concludes that detention is appropriate, pursuant to 18 U.S.C. §§

3142 *et seq*. The Government has established by clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of C.R.K.

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Pursuant to 18 U.S.C. § 3148(b), the Government's Motion for Detention of Mr. Isham without bond, [Docket No. 11], is **GRANTED**;

2. Mr. Isham is committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Isham shall be afforded reasonable opportunity to consult privately with his counsel;

4. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Isham is required to appear for further proceedings; and

5. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Isham is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

Dated: May 31, 2024                          s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge